```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
 LAUREN PORSCH, individually and on     :
 behalf of all others similarly         :
 situated,                              :       18cv9312 (DLC)
                     Plaintiff,         :
                                        :       OPINION AND ORDER
              -v-                       :
                                        :
 LLR, INC. d/b/a LULAROE and LULAROE,   :
 LLC,                                   :
                     Defendants.        :
                                        :
----------------------------------------X
```

APPEARANCES

For the Plaintiff:

R. Bruce Carlson
Kelly K. Iverson
Kevin W. Tucker
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

E. David Hoskins
The Law Offices of E. David Hoskins, LLC
16 East Lombard Street, Suite 400
Baltimore, MD 21202

For the Defendants:

Steven R. Kramer
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Planes, New York 10606

Steven T. Graham
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626

DENISE COTE, District Judge:

Plaintiff Lauren Porsch ("Porsch") has brought this action invoking federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). That statute requires, among other things, that "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). Because the amount in controversy is far below $5 million, this case is dismissed without prejudice for lack of subject matter jurisdiction.

## Background

The factual background of this case is more fully set forth in the Opinion denying the defendants' motion to dismiss this action. Porsch v. LLR, Inc., 380 F. Supp. 3d 418 (S.D.N.Y. Apr. 30, 2019) (the "April Opinion"). In short, Porsch alleges that defendants LLR Inc. and LuLaRoe, LLC (collectively "LLR") improperly collected sales tax on online clothing purchases that were shipped to consumers in New York between December 2016 and February 2017. It is undisputed that LLR refunded those improperly collected taxes to the customers. The SAC asserts claims for violation of New York General Business Law (GBL) § 349, as well as for common law conversion and misappropriation under New York law.

In their motion to dismiss the Second Amended Complaint ("SAC"), the defendants did not challenge the amount in

2

controversy. Federal courts have an "independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." Leopard Marine & Trading, Ltd. v. Easy Street Ltd., 896 F.3d 174, 181 (2d Cir. 2018) (citation omitted). Pursuant to that obligation, an Order of May 1, 2019 directed the parties to submit supplemental briefing as to whether the $5,000,000 amount in controversy requirement of CAFA is met in this case. That briefing became fully submitted on May 28.

## Discussion

"To establish the requisite amount in controversy for CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d), a [plaintiff] must show that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." Cutrone v. Mortgage Electronic Registration Sys., Inc., 749 F.3d 137, 142 (2d Cir. 2014) (citation omitted). While the party invoking federal jurisdiction bears the burden of proving to a "reasonable probability" that the amount in controversy threshold is met, there is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). To overcome this presumption, it must be shown "to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Id. (citation omitted).

3

"The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." Id. (citation omitted). "[I]n computing the jurisdictional amount, a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017) (citation omitted).

The SAC asserts that LLR improperly charged sales taxes on 104,144 transactions between April 2016 and June 1, 2017. It estimates the total overcharges as $329,922.83. The alleged class period, however, extends only from December 2016 through February 2017. The SAC does not clearly allege how many of these transactions may have occurred during the class period. In their supplemental briefing, the parties estimate the total transactions for the class period at approximately 64,335, and the total overcharges for the class period at approximately $217,898.14.[1]

---

[1] In her initial supplemental brief, Porsch estimated the total transactions for the class period at approximately 77,143, and the total overcharges for the class period at approximately $244,387.28. She reached this estimate by assuming that the transactions and overcharges from the longer April 2016-June 2017 period are evenly distributed across this thirteen-month period. In its responsive brief and an attached declaration, LLR asserts that the number of transactions covered by the SAC is 64,355, and the amount of sales tax overcharged is approximately $217,898.14. Porsch has adopted this calculation in her reply.

4

Conversion Damages

Porsch seeks compensatory damages for conversion and misappropriation. When a defendant is liable for conversion, the plaintiff may recover the value of the property at the time and place of conversion, plus interest. Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 326 (1980); see also Bank of New York v. Amoco Oil Co., 35 F.3d 643, 657, 659, 662 (2d Cir. 1994). "The fundamental purpose of compensatory damages is to have the wrongdoer make the victim whole." E.J. Brooks Co. v. Cambridge Security Seals, 31 N.Y.3d 441, 448 (2018) (citation omitted). "The goal is to restore the injured party, to the extent possible, to the position that would have been occupied had the wrong not occurred." Id. (citation omitted).

It is clear from the SAC, and Porsch readily admits, that all of the allegedly overcharged sales taxes were refunded before this suit was filed. The only amount that Porsch and the putative class may recover as compensatory damages, therefore, is the amount of interest they could have earned on the overcharged amount during the period that the funds were withheld. Generously assuming that the full overcharged amount ($217,898.14) was withheld from December 1, 2016 (the beginning of the class period) until October 11, 2018 (the date this action was filed), the total interest accrued would be approximately $36,000. This calculation significantly

5

overestimates the damages alleged in the complaint, however. Porsch was refunded all of the money that she was overcharged by June 2017. It is not clear how long before this action was filed the remaining putative class members received their refunds.

Porsch argues that LLR's refund of the overcharged sales tax constitutes an affirmative defense, and "affirmative defenses asserted on the merits may not be used to whittle down the amount in controversy . . . [e]ven where the complaint itself discloses the existence of a valid defense." Scherer, 347 F.3d at 397 (citation omitted). The existence of the refund program is not an affirmative defense. Porsch does not claim the full amount withheld as compensatory damages for conversion. Nor could she do so in good faith, knowing that the amount withheld has already been returned to her. Such a claim would likely place her attorneys in violation of Rule 11, Fed. R. Civ. P. Rather, Porsch's suit, as described in the April Opinion, rests on the de minimis injury suffered as a result of the temporary deprivation of funds.

Any affirmative defense must relate to the claimed damages. The claimed damages are the time value of funds that were refunded prior to the filing of suit. Thus, any affirmative defense of payment would have to be an assertion by the

defendant that it had already paid an amount equivalent to the interest sought in damages here.

GBL § 349

Porsch seeks fifty dollars in statutory damages under GBL § 349 for each transaction.[2] Accepting the parties' estimate of the number of transactions, the total statutory damages claim in this case is $3,217,750.

Under GBL § 349, plaintiffs may also recover three times their <u>actual</u> damages, up to $1,000. Porsch argues that "treble damages per violation equal to three times the total overcharges or $653,694.42." Not so. The only injury in fact that Porsch has alleged is the temporary deprivation of refunded sales taxes. As described above, the actual damages of the putative class cannot reasonably exceed $36,000. Assuming this generous estimate to be accurate, treble damages in this case could not exceed $108,000.

Punitive Damages

A plaintiff may recover punitive damages for conversion "where the circumstances show that the conversion was

---

[2] LLR contends that statutory damages under GBL § 349 are only available per plaintiff, not per transaction, and that the number of class plaintiffs is far lower than the number of transactions at issue here. Because the claimed damages do not aggregate to $5 million under either theory, that question need not be resolved. Rather, for the purposes of this Opinion, the Court assumes without deciding that statutory damages are available per violation under GBL § 349.

7

accompanied by malice, insult, reckless and willful disregard of the plaintiff's rights, or other proof showing the aggravated nature of the act." Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 232 (2d Cir. 2006) (citation omitted). The Supreme Court has declined "to impose a bright-line ratio which a punitive damages award cannot exceed," but has stated that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mu. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003).

Whether the SAC alleges facts sufficient to support an award of punitive damages need not be addressed here. Even assuming that punitive damages are available, punitive damages in this case could not reasonably exceed $360,000, that is, ten times the actual damages allegedly suffered by the aggregate class.[3]

Attorney's Fees

It is well-settled in the Second Circuit that attorney's fees may only be considered as part of the amount in controversy if they are "recoverable as a matter of right." Givens v. W.T.

---

[3] The parties disagree whether punitive damages may be available in addition to the treble damages available under GBL § 349. Because, even assuming that punitive damages are available, the claimed damages do not aggregate to $5 million, that question need not be resolved.

8

Grant Co., 457 F.2d 612, 614 (2d Cir. 1972); see also, Cohen v. KIND LLC, 207 F. Supp. 3d 269, 272 (S.D.N.Y. 2016); Ryan v. Legends Hospitality, LLC, 11cv3110(RJS), 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012); Concorde Fin. Corp. v. Value Line, Inc., 03cv8020(NRB), 2004 WL 287658, at *3 (S.D.N.Y. Feb. 11, 2004). GBL § 349 provides that a court "may award reasonable attorney's fees to a prevailing plaintiff." N.Y. Gen. Bus. L. § 349 (h). The use of the word "may" indicates that the award of attorney's fees is discretionary, and not a matter of right. See Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 54 (2d Cir. 1992) ("The fee award [under GBL § 349] is left to the discretion of the trial court in all circumstances . . . ."). Attorney's fees therefore may not be included in the amount in controversy calculation here.

Calculation of the Amount in Controversy

A number of additional legal issues are raised in the parties' briefing that need not be addressed here. Even after accepting the plaintiff's position on each of the disputed issues, and assuming values that are highly favorable to the plaintiff, it is clear to a legal certainty that the amount in controversy in this case is far below $5 million.

After combining statutory damages under GBL § 349, treble damages under GBL § 349, compensatory damages for conversion, and punitive damages, the amount in controversy in this case may

9

be no greater than $3,721,750.  This Court therefore lacks subject matter jurisdiction under CAFA.

## **Conclusion**

Because it is clear to a legal certainty, on the face of the SAC, that the amount in controversy in this case is far below $5 million, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  Accordingly, the case is dismissed without prejudice.  The Clerk of Court is directed to close this case.

Dated:    New York, New York
          August 2, 2019

```
                              _____
                                      DENISE COTE
                              United States District Judge
```